**Nolan Delbert WIMBERLEY and Mervin
Carlos McKinney, Plaintiffs-Appellants,**

v.

**Honorable Thomas C. LYNCH, Attorney
General of the State of California,
et al., Defendants-Appellees.**

**No. 71–2312.**

United States Court of Appeals,
Ninth Circuit.

May 23, 1972.

Robin Yeamans, Sacramento, Cal., for plaintiffs-appellants.

Evelle J. Younger, Atty. Gen., Herbert L. Ashby, Chief Asst. Atty. Gen., Doris H. Maier, Asst. Atty. Gen., Loren E. McMaster, Daniel J. Kremer, Deputy Atty. Gen., Sacramento, Cal., for defendants-appellees.

Before MERRILL, TRASK and GOODWIN, Circuit Judges.

PER CURIAM:

Appellants, two California prisoners, instituted this action against the State Attorney General seeking declaratory, injunctive and monetary relief. Liberally construed, their complaint alleged that the Attorney General's practice of providing legal representation to state employees sued in their individual capacities for allegedly illegal acts, while not providing free counsel to the plaintiff-prisoners, constituted an invidious discrimination and a denial of equal protection. Based on this allegation, they also sought to have the statutes under which the Attorney General was purporting to act declared unconstitutional, and moved for a three-judge court. The District Court, by dismissing the complaint for failure to state a claim, effectively denied the motion and this appeal followed.

We think, as did the District Court, that the complaint failed to state a substantial federal question. There can be no doubt that the state has a legitimate interest in providing representation to its employees for suits arising out of the performance of their duties. It makes no difference whether the acts by the employees are allegedly legal or illegal because that question can never be resolved until the law suit is at an end. *Cf.*, Gregoire v. Biddle, 177 F.2d 579, 581 (2d Cir. 1949).

Since we find a rational basis for the discrimination, we affirm the order of the District Court refusing to convene a three-judge court and dismissing the complaint for failure to state a claim.